## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

JEREMY ROBERT HARRIS, Plaintiff,

**v.**

DEPUTY CORBETT BROWN, et al., Defendants.

Civil Action No. __6:26-cv-03430-MBB__

## PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER
## AND MEMORANDUM IN SUPPORT
### RELIEF SOUGHT: STAY OF SIS CONDITIONS
### DEADLINE: APPROXIMATELY AUGUST 8, 2026

### I. INTRODUCTION AND URGENCY

Plaintiff Jeremy Robert Harris moves this Court on an emergency basis for a Temporary Restraining Order staying the conditions of the Suspended Imposition of Sentence entered against him on June 9, 2026 in Dallas County Circuit Court Case Nos. 210122974, 210122975, and 250701416. The SIS conditions include a 60-day deadline to register his vehicle and obtain insurance — expiring approximately August 8, 2026 — and one year of unsupervised probation. Non-compliance triggers a probation violation that could result in imposition of the original criminal sentence.

The SIS was obtained through prosecutorial coercion — Jonathan D. Barker, Dallas County Prosecuting Attorney, threatened a combat-disabled veteran with contempt and potential arrest while he was severely ill, had not eaten in three days, suffered from service-connected TBI and PTSD, and had just watched another defendant be arrested in the same courtroom. The plea is constitutionally void. The conditions of that void plea are ticking toward a deadline that will produce a probation violation and potential incarceration if this Court does not act.

### II. PROCEDURAL POSTURE

Plaintiff has filed a civil rights complaint in this Court asserting eight counts under 42 U.S.C. §§ 1983, 1985, and 1986, and 18 U.S.C. §§ 1951 and 1961-1968 against Deputy Corbett Brown, Deputy Rich Myers, Sergeant Eric Caston of the Buffalo Missouri Police Department, Jonathan D. Barker as Dallas County Prosecuting Attorney, Sheriff Darren Cheek in his official capacity, Dallas County, Missouri, the Dallas County Sheriff's Department, and John Does 1-10. Plaintiff has simultaneously filed a Motion to Withdraw Guilty Plea in Dallas County Circuit Court under

Missouri Supreme Court Rule 29.07(d), an Emergency Motion to Stay SIS Conditions, and a Motion for Change of Venue and Judicial Disqualification. He expects those state motions to be denied — the state forum cannot neutrally adjudicate a challenge to the State's own conduct. This federal TRO motion is therefore Plaintiff's primary avenue for relief before August 8, 2026.

## III. LEGAL STANDARD

A temporary restraining order requires: (1) likelihood of success on the merits; (2) irreparable harm in the absence of relief; (3) the balance of equities tips in the movant's favor; and (4) the injunction is in the public interest. Winter v. Natural Resources Defense Council, 555 U.S. 7 (2008). All four factors favor Plaintiff.

## IV. THE FOUR FACTORS

### A. Likelihood of Success on the Merits

### Factor 1 — The Plea Was Coerced and Is Constitutionally Void

A guilty plea is constitutionally valid only if voluntary, knowing, and intelligent. Brady v. United States, 397 U.S. 742 (1970) (https://supreme.justia.com/cases/federal/us/397/742/). Plaintiff's plea was obtained through: (a) a threat of contempt and potential arrest for filing threshold motions — filing motions is not contempt of court; (b) misrepresentation of procedural deadlines; (c) exploitation of Plaintiff's severe physical illness — three days without food, active AGS symptoms; (d) exploitation of Plaintiff's service-connected TBI and PTSD under acute stress; and (e) a private, isolated setting immediately after Plaintiff watched someone else be arrested in the same courtroom. A plea produced by these circumstances is not voluntary by any constitutional standard. Drope v. Missouri, 420 U.S. 162 (1975) (https://supreme.justia.com/cases/federal/us/420/162/).

The facts are contemporaneously documented: Mr. Barker's own question asking Plaintiff if he was okay corroborates his physical condition; the courthouse audio recording may corroborate the private conversation; multiple named witnesses observed Plaintiff's illness on June 9, 2026.

### Factor 2 — The Underlying Statutes Do Not Apply

RSMo § 300.095 limits the duty to obey traffic regulations to public employees. Plaintiff is not a public employee. He has never applied for a driver's license or registered a vehicle in Missouri. The cited statutes presuppose voluntary entry into the licensing and registration system. Plaintiff never entered it. A guilty plea to charges that cannot legally be sustained is manifest injustice on its face.

### Factor 3 — The Stops Were Unconstitutional

Both stops were initiated through criminal violation of RSMo § 304.022 — a Class A misdemeanor committed by Deputy Brown. The second stop was premeditated courthouse surveillance in retaliation for Plaintiff's court activity. The § 1983 Fourth and First Amendment claims arising from both stops are well-supported.

### B. Irreparable Harm

- Incarceration risk: Non-compliance with SIS conditions triggers a probation violation and potential imposition of the original criminal sentence. The threat of incarceration based on conditions of a void plea constitutes irreparable harm — loss of liberty.

- Ratification risk: If Plaintiff complies with the conditions while simultaneously challenging the plea as involuntary, the State may argue compliance constitutes ratification — waiving the right to challenge. This is a legal Catch-22 constituting irreparable harm.

- Time: The state court proceedings cannot conceivably be resolved before August 8, 2026. The irreparable harm is immediate, not speculative.

## C. Balance of Equities

The State of Missouri suffers no cognizable harm from a stay of SIS conditions during the pendency of this federal civil rights action. The State has no legitimate interest in enforcing conditions of a plea obtained through coercion of an ill, disabled veteran. Plaintiff faces potential incarceration. The balance does not require further analysis.

## D. Public Interest

The public interest is served by ensuring that prosecutorial coercion does not go unchecked and that combat veterans with documented service-connected disabilities receive the due process the Constitution promises. The public interest is harmed — not served — by enforcing conditions of a plea obtained by a prosecutor who threatened contempt and potential arrest against a disabled, ill man who was alone, had not eaten in three days, and had just watched someone else be taken to jail in the same room.

## V. YOUNGER ABSTENTION FAILS

Defendants will argue Younger v. Harris, 401 U.S. 37 (1971). This argument fails because all three exceptions apply — bad faith enforcement, inadequate state forum, and great and immediate irreparable injury — as fully argued in Plaintiff's Complaint, incorporated here by reference. Moreover, 42 U.S.C. § 1983 is an express statutory exception to the Anti-Injunction Act. Mitchum v. Foster, 407 U.S. 225 (1972) (https://supreme.justia.com/cases/federal/us/407/225/).

## VI. BOND

Plaintiff requests that any bond required under Federal Rule of Civil Procedure 65(c) be set at a nominal amount — no greater than $100 — given that the State suffers no cognizable harm from the requested stay and Plaintiff is a pro se disabled veteran of limited means.

## VII. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

1.. Enter a Temporary Restraining Order immediately staying all conditions of the Suspended Imposition of Sentence entered in Dallas County Circuit Court Case Nos. 210122974, 210122975, and 250701416 on June 9, 2026, pending further order of this Court;

**2..** Set an expedited hearing on Plaintiff's request for Preliminary Injunction;

**3..** Order immediate preservation and production of: (a) all Dallas County Courthouse audio recordings from June 9, 2026; (b) all courthouse security camera footage from January 20, 2026; and (c) Deputy Brown's GPS vehicle tracking data, CAD activity logs, and body camera records for his January 20, 2026 shift; and

**4..** Set bond at a nominal amount not to exceed $100.00.

Respectfully submitted this 20th day of July, 2026.

Jeremy Robert Harris

1721 Highway 64, Lebanon, Missouri 65536

sgt.harris.jeremy@gmail.com | 309-642-1893

Plaintiff, In Propria Persona, Sui Juris

All Rights Reserved — Without Prejudice