UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

JEREMY ROBERT HARRIS,
Plaintiff,

v.

DEPUTY CORBETT BROWN, et al.,
Defendants.

Civil Case No. 6:26-cv-03430-MBB

## MOTION FOR APPOINTMENT OF COUNSEL
## AND AFFIDAVIT IN SUPPORT

I, Jeremy Robert Harris, hereby apply for appointment of counsel. In support of my application I declare under penalty of perjury that the following facts are true:

**(1)** I am the plaintiff in the above-entitled case and I believe I am entitled to redress. I bring claims under 42 U.S.C. §§ 1983, 1985, and 1986, and 18 U.S.C. §§ 1951 and 1961-1968, for civil rights violations, coerced guilty plea, unlawful seizures, prosecutorial misconduct, conspiracy, and extortion under color of law by Dallas County, Missouri law enforcement officers and officials.

**(2)** Because of my poverty, I am unable to pay a reasonable attorney fee. I am a 100% service-connected disabled veteran of the United States Army whose sole income is VA disability benefits. I have no employment income, no savings, and no financial assets beyond owner-financed land and personal property. I am proceeding in forma pauperis and have submitted a concurrent Application to Proceed Without Prepaying Fees or Costs.

**(3)** I have made diligent efforts to obtain legal counsel but because of my poverty and the following circumstances I have been unable to secure same:

Plaintiff is a 100% service-connected disabled combat veteran residing in rural Lebanon, Missouri, operating without income beyond VA disability benefits. Plaintiff's financial condition makes retention of private counsel impossible — civil rights attorneys in this practice area typically require substantial retainers or work on contingency only for cases with clear damages recovery, and Plaintiff has been consumed by the demands of simultaneously defending active state court proceedings in Dallas County Circuit Court, preparing federal filings, managing a service-connected Traumatic Brain Injury and Post-

Traumatic Stress Disorder, and meeting the basic demands of daily survival on a rural homestead. Civil rights litigation against law enforcement involving multiple constitutional claims, RICO theories, and parallel state court proceedings requires specialized expertise that is not available through general legal aid services and is not financially accessible to Plaintiff. Without appointed counsel, Plaintiff — a combat veteran with documented neurological injuries — faces a professional prosecuting attorney and county government with substantially greater legal resources, creating a fundamental imbalance that undermines the fairness of these proceedings.

The complexity of this case further supports appointment of counsel. Plaintiff's complaint asserts eight counts across four federal statutes, involves multiple defendants from two separate law enforcement agencies, presents Monell municipal liability claims, RICO enterprise theories, First and Fourth Amendment violations, and a coerced guilty plea challenge — all while parallel state court proceedings are actively pending. These issues require legal expertise beyond what a pro se litigant with service-connected neurological injuries can reasonably be expected to master without assistance.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 20th day of July, 2026.

Jeremy Robert Harris, Plaintiff

In Propria Persona, Sui Juris

1721 Highway 64

Lebanon, Missouri 65536

sgt.harris.jeremy@gmail.com

309-642-1893

All Rights Reserved — Without Prejudice